UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VALASSIS COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEWS CORPORATION, <br> NEWS AMERICA MARKETING,  a/k/a <br> NEWS AMERICA INCORPORATED, <br> a/k/a NEWS AMERICA MARKETING <br> GROUP; <br> NEWS AMERICA MARKETING <br> FSI, LLC, a/k/a NEWS AMERICA <br> MARKETING FSI, INC.; and <br> NEWS AMERICA MARKETING IN- <br> STORE SERVICES, LLC, a/k/a NEWS <br> AMERICA MARKETING IN-STORE <br> SERVICES, INC. <br><br> Defendants. | Case No. 2:13-cv-14654-AJT-PJK <br><br> HON. ARTHUR J. TARNOW <br> MAG. PAUL J. KOMIVES |

**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING
RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

Defendants News Corporation, News America Marketing a/k/a News

America Incorporated (n/k/a 21st Century Fox America, Inc.), News America

Marketing FSI L.L.C., and News America Marketing In-Store Services, L.L.C.

(together, "NAM") respectfully move this Court for an order temporarily staying

discovery pending the resolution of Defendants' Motion to Dismiss, filed

December 19, 2013 (Dkt. No. 22).

Pursuant to E.D. Mich. L.R. 7.1(a), Defendants sought concurrence during a conference between the parties' attorneys, during which the nature of the instant motion was explained.  Plaintiff declined to concur in the relief requested.

Dated:  May 9, 2014

| | |
|---|---|
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | Respectfully submitted, BUTZEL LONG *a professional corporation* |

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

Kenneth A. Gallo (N.Y. Bar No. 430369)
Andrew C. Finch (N.Y. Bar No. 4435913)
William B. Michael (N.Y. Bar No. 4296356)
Jane B. O'Brien (N.Y. Bar No. 4484457)
2001 K Street, NW
Washington, D.C. 20006-1047
(202) 223-7300
kgallo@paulweiss.com
afinch@paulweiss.com
wmichael@paulweiss.com
jobrien@paulweiss.com
*Co-Counsel for Defendants*

Respectfully submitted,

BUTZEL LONG
*a professional corporation*

By:  /s/ David F. DuMouchel
   David F. DuMouchel (P25658)
   Joseph E. Richotte (P70902)
   Robin Luce Herrmann (P46880)
150 West Jefferson Avenue, Ste. 100
Detroit, Michigan 48226
(313) 225-7000
dumouchd@butzel.com
richotte@butzel.com
herrmann@butzel.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VALASSIS COMMUNICATIONS, INC., <br><br> Plaintiff, <br> v. <br><br> NEWS CORPORATION, <br> NEWS AMERICA MARKETING,  a/k/a <br> NEWS AMERICA INCORPORATED, <br> a/k/a NEWS AMERICA MARKETING <br> GROUP; <br> NEWS AMERICA MARKETING <br> FSI, LLC, a/k/a NEWS AMERICA <br> MARKETING FSI, INC.; and <br> NEWS AMERICA MARKETING IN- <br> STORE SERVICES, LLC, a/k/a NEWS <br> AMERICA MARKETING IN-STORE <br> SERVICES, INC. <br><br> Defendants. | Case No. 2:13-cv-14654-AJT-PJK <br><br> HON. ARTHUR J. TARNOW <br> MAG. PAUL J. KOMIVES |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY PENDING
RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................... ii

STATEMENT OF ISSUES PRESENTED.............................................. iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ..............................v

PRELIMINARY STATEMENT ...............................................................1

FACTUAL BACKGROUND .....................................................................3

ARGUMENT ..........................................................................................5

I.   DEFENDANTS' MOTION TO DISMISS, IF GRANTED, WILL
     DISPOSE OF THE ENTIRE COMPLAINT WITHOUT THE NEED
     FOR ANY DISCOVERY ...................................................................7

II.  RESPONDING TO VALASSIS'S DISCOVERY REQUESTS WILL
     IMPOSE AN ENORMOUS BURDEN ON NAM..........................................9

III. A LIMITED STAY WILL NOT PREJUDICE VALASSIS........................13

IV.  A STAY OF DISCOVERY WOULD SERVE THE PUBLIC
     INTEREST IN PROMOTING EFFICIENCY AND UPHOLDING
     SETTLEMENT AGREEMENTS...............................................................13

CONCLUSION .....................................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bell Atl. Corp.* v. *Twombly*,
  550 U.S. 544 (2007)..................................................................................8, 11

*Botkin* v. *Tokio Marine & Nichido Fire Ins. Co.*,
  956 F. Supp. 2d 795 (E.D. Ky. 2013) ................................................13

*DSM Desotech Inc.* v. *3d Sys. Corp.*,
  2008 WL 4812440 (N.D. Ill. Oct. 28, 2008) ......................................12

*Flaim* v. *Med. Coll. of Ohio*,
  418 F.3d 629 (6th Cir. 2005) ...........................................................6, 9

*Gettings* v. *Bldg. Laborers Local 310 Fringe Benefits Fund*,
  349 F.3d 300 (6th Cir. 2003) ................................................................6

*Hahn* v. *Star Bank*,
  190 F.3d 708 (6th Cir. 1999) ................................................................6

*Joe* v. *First Bank Sys., Inc.*,
  202 F.3d 1067 (8th Cir. 2000) ............................................................14

*Klein Steel Servs. Inc.* v. *Sirius Prot., LLC*,
  2014 WL 923178 (E.D. Mich. Mar. 10, 2014)................................7, 9

*Martin* v. *Mohr*,
  2012 WL 5915501 (S.D. Ohio Nov. 26, 2012) ....................................7

*Mass. Mut. Life* v. *Watson*,
  2013 WL 142431 (E.D. Ky. Jan. 11, 2013)........................................14

*Nexstar Broad., Inc.* v. *Granite Broad. Corp.*,
  2011 WL 4345432 (N.D. Ind. Sept. 15, 2011) ..................................12

*NicSand Inc.* v. *3M Co.*,
  507 F.3d 442 (6th Cir. 2007) ..............................................................11

*Prison Legal News* v. *Bezotte*,
  2012 WL 5417457 (E.D. Mich. Nov. 6, 2012)....................................................14

*Redmon* v. *Sinai-Grace Hosp.*,
  2013 WL 5913985 (E.D. Mich. Nov. 4, 2013)....................................................14

*Romar Sales Corp.* v. *Seddon*,
  2013 WL 141133 (W.D. Mich. Jan. 11, 2013)................................................7, 13

*Superior Care Pharm. Inc.* v. *Med. Shoppe Int'l, Inc.*,
  2011 WL 597065 (S.D. Ohio Feb. 10, 2011) ........................................................8

*In re Term Commodities Cotton Futures Litig.*,
  2013 WL 1907738 (S.D.N.Y. May 8, 2013) ......................................................12

*Valassis Communications, Inc.* v. *News America Inc., et al.*,
  Case No. 07-706645-CZ (Mich. Cir. Ct.), at ¶ 14 ............................................10

*Wagner* v. *Mastiffs*,
  2009 WL 5195862 (S.D. Ohio Dec. 22, 2009)....................................6, 7, 12, 13

*Williams* v. *Scottrade, Inc.*,
  2006 WL 1722224 (E.D. Mich. June 19, 2006) ..............................................6, 7

## <u>STATEMENT OF ISSUES PRESENTED</u>

Should the Court grant a temporary stay of discovery pending resolution of NAM's Motion to Dismiss where: (a) NAM has made substantial arguments supporting dismissal of the entire Complaint and no discovery is needed to resolve its motion; (b) NAM faces irreparable harm should Plaintiff be allowed to proceed with discovery before the Court has had a chance to determine the adequacy of the Complaint; and (c) a brief stay would not in any way prejudice Plaintiff and would, rather, (d) preserve judicial resources and uphold the public's interest in the enforcement of settlement agreements terminating litigation?

**Defendants answer "yes."**

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

1.   Redacted Excerpt of Settlement Agreement and Release (February 4, 2010) (Exhibit 1).

2.   Agreement Regarding Antitrust Panel and Assessment of Certain Future Business Practices (February 4, 2010) (Exhibit 2).

3.   *Gettings* v. *Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300 (6th Cir. 2003).

4.   *Flaim* v. *Med. Coll. of Ohio*, 418 F.3d 629 (6th Cir. 2005).

5.   *Williams* v. *Scottrade, Inc.*, 2006 WL 1722224 (E.D. Mich. June 19, 2006).

Defendants News Corporation, News America Marketing a/k/a News America Incorporated (n/k/a 21st Century Fox America, Inc.), News America Marketing FSI L.L.C., and News America Marketing In-Store Services, L.L.C. (together, "NAM") respectfully submit this memorandum of law in support of their motion for a temporary stay of discovery pending the resolution of Defendants' Motion to Dismiss (Dkt. No. 22) ("NAM Mem.").

## PRELIMINARY STATEMENT

Four years after the settlement and dismissal with prejudice of its prior litigation against NAM, Valassis has filed another complaint seeking damages for the same claims, based on the same allegations, as it asserted in the prior action.  In its pending Motion to Dismiss, NAM shows why *all* of the claims asserted in Valassis's present complaint are barred by the 2010 settlement agreement and release.  NAM also shows that if Valassis had any factual basis for claiming that NAM had engaged in unlawful "bundling" and "tying" *after* the date of the settlement agreement—which it does not—those claims would have to be presented to the Antitrust Expert Panel to evaluate in the first instance.  Yet, before the Court even has had the opportunity to assess its Complaint and rule on NAM's Motion to Dismiss, Valassis has served on NAM 53 separate requests for the production of documents, in which it demands virtually every shred of paper and piece of data that has passed through NAM's business since 2010.

1

Should the Court grant NAM's Motion to Dismiss, Valassis will not be entitled to any discovery. As a result, any discovery that takes place in the interim will prove to be a waste of time and money—for the parties, as well as for the Court, which, given the overbreadth of plaintiffs' requests, almost certainly will be called upon to referee discovery disputes. Worse still, such discovery will deprive NAM of the primary benefit it bargained for in settling the prior case—repose. Both of those harms can be avoided if the Court grants a temporary stay of discovery pending resolution of NAM's Motion to Dismiss.

There is no question that responding to Valassis's wide-ranging discovery requests would impose an enormous expense and burden on NAM. In the prior antitrust case, NAM spent millions of dollars and many thousands of hours producing discovery to Valassis. That is why, as part of the settlement, NAM and Valassis agreed that any future claims relating to the business practices that were the subject of the prior litigation would be brought before a panel of antitrust experts and assessed under a set of clearly defined legal standards and a dispute resolution framework established by the Court.

By contrast to the severe harm that NAM would suffer if discovery proceeds before the Court rules on its Motion to Dismiss, Valassis will suffer no prejudice from a temporary stay. The Motion to Dismiss is fully briefed, so a stay of discovery pending its resolution is likely to be short. In the event the Motion to

Dismiss is granted, discovery will be unnecessary and unwarranted.  In the event it is denied, discovery can begin promptly at that time, without impediment.

For these reasons, NAM respectfully requests that its motion for a stay of discovery pending resolution of the Motion to Dismiss be granted.

## FACTUAL BACKGROUND

On January 18, 2006, Valassis sued NAM in this Court, alleging that NAM was unlawfully bundling and tying the free-standing insert ("FSI") coupons and in-store promotion ("ISP") services that it sells to consumer packaged goods companies ("CPGs") and others.  More than four years later, after the filing of more than thirty motions and the production of millions of pages of documents, this Court helped steer this massive antitrust litigation to its conclusion.  In the settlement, Valassis agreed to release NAM "from any and all manner of actions and causes of action . . . relating to any claim, allegation or cause of action that was or could have been asserted" against NAM, "*arising from or based on any claims, allegations, actions, inaction, conduct or facts of any kind* existing up to the date of" the settlement agreement.  (Ex. 1, Settlement Agreement and Release (the "Settlement Agreement") at 4-5 (emphasis added).)

The parties also agreed to a mechanism by which to resolve any future disputes efficiently and in a manner designed to preserve the finality of the settlement.  This process included the appointment by the Court of a three-member

3

Antitrust Expert Panel to "assess the Parties' future business practices relating to bundling and tying under the antitrust laws." (Ex. 2, Agreement Regarding Antitrust Panel and Assessment of Certain Future Business Practices (the "Antitrust Panel Agreement") at 1.) This panel was to determine the parties' "***exclusive remedy*** in the event of violations of allegedly unlawful bundling and tying." (*Id.* (emphasis added).) By entering into this agreement with NAM, Valassis further "waive[d] [its] right to a trial by jury in any proceedings relating to such future business practices." (*Id.*) The Antitrust Expert Panel subsequently issued a Report and Recommendation proposing standards to govern the parties' future business practices, which this Court adopted on June 15, 2011. (No. 06-cv-10240 ("*Valassis I*"), Dkt. No. 412 (the "June 2011 Order") at A-3-4.)

In the face of these agreements and the Court's June 2011 Order, Valassis filed on November 8, 2013 a new complaint in which it asserted, *inter alia*, claims of unlawful bundling and tying and demanded a jury trial. At the same time, Valassis moved for expedited discovery in *Valassis I*, even though it had not filed any motion for substantive relief under the June 2011 order or sought to bring any issue before the Antitrust Expert Panel. (*Valassis I*, Dkt. No. 414.) At oral argument on its motion for expedited discovery, Valassis's counsel admitted that it lacks a factual basis to establish that NAM violated the June 2011 Order and that

its expedited discovery motion was brought in the hopes of developing such a basis.  (2/3/2014 Hearing Tr., *Valassis I*, Dkt. No. 430, at 35:3-4, 35:5-8.)[1]

NAM moved to dismiss Valassis's Complaint on December 19, 2013, arguing that all of Valassis's claims are barred by the 2010 Settlement Agreement and Release, that the Complaint violates the Court's June 2011 Order, and that Valassis has failed to state any viable antitrust claim.  The motion was fully briefed as of April 4, 2014.

On April 10, 2014, Valassis issued its first request for production of documents, consisting of 53 separate requests (some with as many as 18 subparts each).  These requests seek to probe nearly every facet of NAM's business, including its contracts, customers, costs, pricing, marketing, human resources, internal and external communications, and business strategies.  (*See* Ex. 3, Plaintiff's First Request for Production of Documents to Defendants.)  NAM sought Valassis's consent to stay discovery pending the Court's resolution of NAM's Motion to Dismiss, and Valassis refused.

## ARGUMENT

Courts in the Sixth Circuit have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."

---

[1]   On February 4, 2014, Magistrate Judge Komives granted Valassis's request for expedited discovery.  NAM filed its Objections to Magistrate Judge Komives's Order and a motion to stay the Order on February 11, 2014.  (*See* Defs.' Objections, *Valassis I,* Dkt. No. 432; Defs.' Mot. to Stay, *Valassis I,* Dkt. No. 433.)

*Hahn* v. *Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Wagner* v. *Mastiffs*, 2009 WL 5195862, at *1 (S.D. Ohio Dec. 22, 2009) (citing *Marrese* v. *Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)) (Ex. 15).

The issuance of a discovery stay is "appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings* v. *Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz* v. *W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). Thus, although a motion to dismiss does not automatically stay discovery, "it is settled that the entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." *Williams* v. *Scottrade, Inc.*, 2006 WL 1722224, at *1 (E.D. Mich. June 19, 2006) (internal citation, alteration, and quotation marks omitted) (Ex. 16); *see also Flaim* v. *Med. Coll. of Ohio*, 418 F.3d 629, 644 (6th Cir. 2005) (affirming stay of discovery during the pendency of a motion to dismiss where "the case could be disposed of on the face of the complaint and . . . discovery would not affect the outcome"); *Williams*, 2006 WL 1722224, at *1-2 (granting motion to stay discovery where plaintiff's "motion to dismiss, if granted, will render Plaintiff's discovery requests moot").

6

In considering a party's motion to stay discovery, courts should "weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Martin* v. *Mohr*, 2012 WL 5915501, at *2 (S.D. Ohio Nov. 26, 2012) (internal citation and quotation marks omitted) (Ex. 7).  In addition, "the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery."  *Wagner*, 2009 WL 5195862, at *1.

I.   **DEFENDANTS' MOTION TO DISMISS, IF GRANTED, WILL DISPOSE OF THE ENTIRE COMPLAINT WITHOUT THE NEED FOR ANY DISCOVERY**

The discovery sought by Valassis "will not aide the Court in its determination of [NAM's] Motion to Dismiss," and "dismissal of the Complaint would render the discovery request moot."  *Klein Steel Servs. Inc.* v. *Sirius Prot., LLC*, 2014 WL 923178, at *1 (E.D. Mich. Mar. 10, 2014) (Ex. 6).  Accordingly, a stay of discovery pending resolution of NAM's motion to dismiss is appropriate. *See id.*; *Romar Sales Corp.* v. *Seddon*, 2013 WL 141133, at *2-3 (W.D. Mich. Jan. 11, 2013) (Ex. 12).

For the Court's convenience, NAM summarizes the bases of its Motion to Dismiss as follows:

*<u>First</u>*, Valassis's claims are barred by the Settlement Agreement because Valassis has failed to identify any actionable conduct that post-dates the release.

7

In settlement of the prior litigation, Valassis forever released and made a covenant not to sue NAM for any claims based on any "allegations, actions, inaction, conduct or facts of any kind existing up to" February 4, 2010.  (Ex. 1 at 4-5.)  Yet, it is clear from the face of the Complaint—and Valassis has even *admitted*—that its present claims are based on allegations of conduct that occurred before the February 4, 2010 settlement agreement.  *See* MTD Opp'n at 47-49; MTD Reply at 2-5.  The Complaint's conclusory assertions of post-settlement misconduct are not enough to survive a motion to dismiss.  *See Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007).  Because the meaning of the 2010 release is plain, and because Valassis's failure to allege post-settlement facts is apparent from the face of the Complaint, no discovery is necessary to determine whether the release requires dismissal.  *See Superior Care Pharm. Inc.* v. *Med. Shoppe Int'l, Inc.*, 2011 WL 597065, at *13 (S.D. Ohio Feb. 10, 2011) ("[A] complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.") (citing *Rauch* v. *Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)) (Ex. 13).

**<u>Second</u>**, by asserting claims of bundling and tying in a new action—and by seeking a *jury trial* on those claims—Valassis has violated the Antitrust Panel Agreement and the June 2011 Order.  Those claims must be dismissed and—to the extent Valassis has any colorable basis to seek relief under the June 2011 Order,

which NAM believes it does not—brought before the Antitrust Expert Panel.  In the meantime, it makes no sense for the Court or the parties to waste their time proceeding with any of Valassis's other claims—all of which have elements in common with or are based on the same allegations as the bundling and tying claims.  *See* NAM Mem. at 11-15.

**<u>*Third*</u>**, Valassis's complaint fails to state a claim upon which relief can be granted because Valassis has failed to allege any *facts* capable of establishing an antitrust violation under established Supreme Court and Sixth Circuit law.  *See* NAM Mem. at 15-48.

Because NAM has offered substantial arguments supporting dismissal of Valassis's Complaint in its entirety, and because no discovery is necessary to resolve NAM's Motion to Dismiss, a stay of discovery is warranted.  *Flaim*, 418 F.3d at 644 (affirming *sua sponte* stay of discovery where "discovery would not affect the outcome" of defendants' motion to dismiss); *Klein Steel*, 2014 WL 923178, at *1 (granting motion to stay discovery where "[t]he Court sees no connection between the document requests the Plaintiff sent to Defendant and how it will rule on the Motion [to Dismiss]").

## II.   RESPONDING TO VALASSIS'S DISCOVERY REQUESTS WILL IMPOSE AN ENORMOUS BURDEN ON NAM

Without a stay pending resolution of its Motion to Dismiss, NAM will be forced to engage in extraordinarily costly and time-consuming discovery.  If

9

NAM's Motion to Dismiss is granted, such discovery will have been unnecessary and unwarranted.  In addition, NAM will have suffered a real and irreparable injury by losing the repose it bargained for by settling the prior litigation.

To provide some context, in Valassis's state-court action against NAM, NAM collected, reviewed, and produced more than 5.5 million pages of documents in discovery.  (*See* Ex. 4, Affidavit of Reiko Cyr in *Valassis Communications, Inc.* v. *News America Inc., et al.*, Case No. 07-706645-CZ (Mich. Cir. Ct.), at ¶ 14.) Review of these documents took approximately ten months and cost several million dollars in vendors' and attorneys' fees.  (*Id.*)  Here, it is reasonable to assume that discovery will be at least as extensive and burdensome.

Valassis's First Request for Production includes 53 broad requests touching on nearly all aspects of NAM's business.  Responding to these requests would obligate NAM to collect, review, and produce millions of pages of documents.  For example, Valassis's first request demands "[a]ll documents and communications concerning News' sale or efforts to sell of [sic] FSIs to any CPG," and includes, but is not limited to, 17 subparts containing additional demands.  *See* Plaintiff's First Request for Production of Documents to Defendants, at 10-11.  The same demand is made for NAM's "sale or efforts to sell" ISPs to any CPG.  (*Id.* at 11-12.)  Another request demands "News' monthly, quarterly, and annual budgets, forecasts, and financial statements, including but not limited to balance sheets,

income statements, profit and loss statements, revenue statements, expenses statements, and budgets." (*Id.* at 21.) These are representative examples of the breadth of Valassis's initial demands, which appear designed to obtain unlimited amounts of information for Valassis to search through in the hopes of piecing together the factual basis for an otherwise dismissible complaint.

The "potentially enormous expense of discovery" in antitrust cases like this one was a major factor that led the Supreme Court to clarify the pleading standard in *Twombly* and to emphasize that district courts must "insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." 550 U.S. at 558-59; *see NicSand Inc.* v. *3M Co.*, 507 F.3d 442, 450 (6th Cir. 2007) (noting that "the threat [that] discovery expense will push cost-conscious defendants to settle even anemic cases" has encouraged federal courts to "weed[] out meritless antitrust claims at the pleading stage") (internal quotation marks and citation omitted). For the same reason, courts often grant stays of discovery in antitrust cases pending the determination of a motion to dismiss—especially in the wake of *Twombly*. *See, e.g.*, *Wagner*, 2009 WL 5195862, at *1-2 ("[G]iven the nature of antitrust allegations as noted by *Twombly* and numerous other decisions, the Court cannot find that the burden faced by the defendants in proceeding with discovery on the antitrust claims set forth in the amended complaint would be insignificant"); *DSM Desotech Inc.* v. *3d Sys. Corp.*, 2008 WL 4812440, at *3-4

11

(N.D. Ill. Oct. 28, 2008) (Ex. 5) (granting stay of discovery in antitrust case pending resolution of motion to dismiss where discovery request was "extensive, voluminous, and expensive to produce").[2]

Here, the burden that NAM faces is especially acute in light of the Settlement Agreement.  The primary benefit that NAM bargained for when it settled the prior litigation was to put an end to—and avoid repetition of—Valassis's multi-year litigation campaign.  The central provisions of the settlement were the release and covenant not to sue that Valassis granted to NAM and the parties' agreement to submit any future disputes to the Antitrust Expert Panel.  By filing this litigation, and initiating a new round of full-blown civil discovery, Valassis threatens to undo those key provisions of the settlement and to impose on NAM precisely the harm that it contracted to avoid.  In light of this threatened injury to NAM, we submit that a temporary stay of discovery while the Court considers the bases for NAM's Motion to Dismiss—including that Valassis's claims are barred by the Settlement Agreement—is especially appropriate here.

---

[2]   *See also In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *6 (S.D.N.Y. May 8, 2013) (approving a stay of discovery pending resolution of a motion to dismiss an antitrust complaint where "[t]he defendants estimate that it would take them 'over 1000 attorney hours' to review" the estimated 90,000 pages of documents requested by plaintiffs) (Ex. 14); *Nexstar Broad., Inc.* v. *Granite Broad. Corp.*, 2011 WL 4345432, at *3 (N.D. Ind. Sept. 15, 2011) ("Critically, this is an antitrust case, which directly invokes the Supreme Court's concerns in *Twombly* about burdensome and expensive discovery.") (Ex. 9).

## III.   A LIMITED STAY WILL NOT PREJUDICE VALASSIS

In contrast to the concrete and substantial burden faced by NAM in proceeding with discovery, Valassis faces no corresponding prejudice from a stay. If the Court grants NAM's Motion to Dismiss, then Valassis will not be entitled to discovery. If the Court denies the Motion, then Valassis will not be harmed by a brief delay in receiving the discovery it seeks. As courts in this Circuit have held, "delay of discovery, without more, is not prejudicial." *Botkin* v. *Tokio Marine & Nichido Fire Ins. Co.*, 956 F. Supp. 2d 795, 802 (E.D. Ky. 2013); *see also Wagner*, 2009 WL 5195862, at *2 (granting motion to stay discovery pending resolution of motion to dismiss in antitrust case, where the only hardship articulated by plaintiff was that the defendants' allegedly harmful conduct would continue); *Romar*, 2013 WL 141133, at *2-3 ("Aside from being delayed in their efforts to conduct more discovery, plaintiffs have not demonstrated prejudice or any other reason to require the parties to undergo the expense of discovery at this time.").

Because Valassis cannot show that a temporary stay of discovery would cause it any prejudice, the stay should be granted.

## IV.   A STAY OF DISCOVERY WOULD SERVE THE PUBLIC INTEREST IN PROMOTING EFFICIENCY AND UPHOLDING SETTLEMENT AGREEMENTS

Staying discovery until NAM's Motion to Dismiss is decided will conserve judicial resources and avoid unnecessary discovery on claims that ultimately may

13

be dismissed. *See Prison Legal News* v. *Bezotte*, 2012 WL 5417457, at *1 (E.D. Mich. Nov. 6, 2012) ("A stay of discovery until resolution of the pending motions will prevent time waste and judicial resources.") (Ex. 10); *Mass. Mut. Life* v. *Watson*, 2013 WL 142431, at *4 (E.D. Ky. Jan. 11, 2013) ("A stay . . . will promote judicial economy by avoiding discovery that may prove unnecessary depending on the resolution of the underlying . . . claims.") (Ex. 8).

In addition, public policy supports a stay of discovery in the present circumstances because allowing Valassis to proceed with discovery risks sanctioning a willful and intentional breach of the parties' settlement agreements. *See, e.g.*, *Joe* v. *First Bank Sys., Inc.*, 202 F.3d 1067, 1070 (8th Cir. 2000) ("Public policy favors the enforcement of voluntary settlement agreements . . . ."); *Redmon* v. *Sinai-Grace Hosp.*, 2013 WL 5913985, at *7 (E.D. Mich. Nov. 4, 2013) ("[P]ublic policy favors enforcement of valid settlement agreements in order to prevent one party from reaping the benefits of such an agreement, while retaining the right to later bring suit if she determines that she should have received different or additional consideration.") (Ex. 11).

14

## CONCLUSION

For the foregoing reasons, NAM respectfully requests that the Court issue a temporary stay of discovery pending resolution of NAM's Motion to Dismiss.

Dated:  May 9, 2014

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

Kenneth A. Gallo (N.Y. Bar No. 430369)
Andrew C. Finch (N.Y. Bar No. 4435913)
William B. Michael (N.Y. Bar No. 4296356)
Jane B. O'Brien (N.Y. Bar No. 4484457)
2001 K Street, NW
Washington, D.C. 20006-1047
(202) 223-7300
kgallo@paulweiss.com
afinch@paulweiss.com
wmichael@paulweiss.com
jobrien@paulweiss.com
*Co-Counsel for Defendants*

Respectfully submitted,

BUTZEL LONG
*a professional corporation*

By: /s/ David F. DuMouchel
    David F. DuMouchel (P25658)
    Joseph E. Richotte (P70902)
    Robin Luce Herrmann (P46880)
150 West Jefferson Avenue, Ste. 100
Detroit, Michigan 48226
(313) 225-7000
dumouchd@butzel.com
richotte@butzel.com
herrmann@butzel.com
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all attorneys of record for all parties.

*/s/ David F. DuMouchel*