UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALASSIS COMMUNICATIONS, INC.,

                Plaintiff,

v.

NEWS CORPORATION; NEWS AMERICA MARKETING, a/k/a NEWS AMERICA INC., a/k/a NEWS AMERICA MARKETING GROUP; NEWS AMERICA MARKETING FSI, LLC, a/k/a NEWS AMERICA MARKETING FSI, INC.; and NEWS AMERICA MARKETING IN-STORE SERVICES, LLC, a/k/a NEWS AMERICA MARKETING IN-STORE SERVICES, INC.

                Defendants.

Case No. 2:13-cv-14654

Hon. Arthur J. Tarnow

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

---

A. Michael Palizzi (P47262)
Thomas W. Cranmer (P25252)
Larry J. Saylor (P28165)
Kimberly L. Scott (P69706)
MILLER CANFIELD PADDOCK and STONE, P.L.C.
150 W. Jefferson, Suite 2500
Detroit, MI 48226
(313) 496-8454
palizzi@millercanfield.com
cranmer@millercanfield.com
saylor@millercanfield.com
scott@millercanfield.com

Kenneth A. Gallo (N.Y. Bar No. 4430369)
Jane B. O'Brien (N.Y. Bar No. 4484457)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP
2001 K Street, NW
Washington, D.C. 20006-1047
(202) 223-7300
kgallo@paulweiss.com
jobrien@paulweiss.com

David Mendelson (P53572)
THE MENDELSON LAW FIRM, PC
355 S. Old Woodward Ave., Ste. 100
Birmingham, MI 48009
(248) 646-8277
dm@mendelsonlaw.net

*Attorneys for Plaintiff*

David F. DuMouchel (P25658)
Robin Luce Herrmann (P46880)
Joseph E. Richotte (P70902)
BUTZEL LONG
150 W. Jefferson Ave., Ste. 100
Detroit, MI 48226
(313) 225-7004
dumouchd@butzel.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................... ii

ISSUES PRESENTED.......................................................................iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................v

INTRODUCTION ...........................................................................1

STATEMENT OF FACTS ...................................................................2

    I.    News Stalls Discovery in Valassis I. ....................................................2

    II.    News Stalls Discovery in Valassis II.................................................5

ARGUMENT......................................................................................6

    I.    NEWS IS NOT ENTITLED TO A STAY SIMPLY BECAUSE IT FILED A MOTION TO DISMISS. ................................................8

    II.    VALASSIS HAS BEEN PREJUDICED BY NEWS' AGGRESSIVE DELAY TACTICS AND WILL BE FURTHER PREJUDICED BY A STAY OF DISCOVERY. ...........12

    III.    THE "ENORMOUS BURDEN" THAT NEWS CLAIMS IT WILL SUFFER IN THE ABSENCE OF A STAY IS ILLUSORY. .................................................................13

    IV.    A STAY OF DISCOVERY IS CONTRARY TO THE PUBLIC INTEREST. ...................................................................16

CONCLUSION .................................................................17

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Cotton v. City of Franklin*, 494 F. App'x 518 (6th Cir. 2012) ...............................17

*Dayco Prods., Inc. v. Walker*, 142 F.R.D. 450 (S.D. Ohio 1992) .........................13

*Dominion Transmission, Inc. v. Detweiler*, 2013 WL 941314 (S.D.
    Ohio Mar. 11, 2013) ................................................................................10, 16

*Forest River Inc. v. Heartland Recreational Vehicles, LLC*, 2012 WL
    4049268 (N.D. Ind. Sept. 12, 2012) ...........................................................7, 15

*Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d
    300 (6th Cir. 2003)..........................................................................................7

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39 (N.D. Cal. 1990) .............................9

*Hoxie v. Livingston County*, 2010 WL 822401 (E.D. Mich. Mar. 4,
    2010) ...............................................................................................................15

*Jackson v. Denver Water Bd.*, 2008 WL 5233787 (D. Colo. Dec. 15,
    2008) ..........................................................................................................12, 16

*Lester v. Wow Car Co., Ltd.*, 2013 WL 6018537 (S.D. Ohio Nov. 13,
    2013) .................................................................................................................9

*New England Carpenters Health & Welfare Fund v. Abbott Labs.*,
    2013 WL 690613 (N.D. Ill. Feb. 20, 2013) .......................................7, 9, 11, 15

*Osman v. Mission Essential Personnel, LLC*, 2012 WL 1831706 (S.D.
    Ohio May 18, 2012)........................................................................................11

*Porter v. Five Star Quality Care-MI, LLC*, 2014 WL 823418 (E.D.
    Mich. Mar. 3, 2014) ..............................................................................8, 10-11

*Tamburo v. Dworkin*, 2010 WL 4867346 (N.D. Ill. Nov. 17, 2010).......................8

*Williamson v. Recovery Ltd. P'ship*, 2010 WL 546349 (S.D. Ohio
    Feb. 10, 2010)..................................................................................7, 8, 9, 12

**Rules**

Rule 12(b)(6) .................................................................................8, 9

Rule 26 ............................................................................................7

## <u>ISSUES PRESENTED</u>

I.    Whether this Court should deny News' request for a stay of discovery where News would not suffer any burden in the absence of stay, where Valassis would be prejudiced by a stay, and where News has failed to demonstrate that Valassis' Complaint is frivolous?

Valassis Answers: Yes

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39 (N.D. Cal. 1990).

*New England Carpenters Health & Welfare Fund v. Abbott Labs.*, 2013 WL 690613 (N.D. Ill. Feb. 20, 2013).

*Porter v. Five Star Quality Care-MI, LLC*, 2014 WL 823418 (E.D. Mich. Mar. 3, 2014).

*Williamson v. Recovery Ltd. P'ship*, 2010 WL 546349 (S.D. Ohio Feb. 10, 2010).

## **INTRODUCTION**

This motion is the latest procedural maneuver by News to try and prevent Valassis from moving this case forward.  This case has been pending for over six months, and News has refused to provide any discovery whatsoever without court intervention.  News recycles arguments from its numerous prior motions, including arguments that Magistrate Judge Komives and Judge Tarnow have already expressly rejected, and argues that Valassis should be prohibited from conducting discovery simply because News has filed a motion to dismiss.

News is employing a similar strategy in the case relating to certain bundling and tying activities by News in violation of a 2011 Order in *Valassis Communications, Inc. v. News America Marketing* ("*Valassis I*"), 2:06-cv-10240-AJT (E.D. Mich.).  Even though Magistrate Judge Komives granted Valassis' Motion for Expedited Discovery on February 4, *id.* Dkt. #429 (the "Feburary 4 Order"), News refused to provide a single document responsive to the seven categories on which Magistrate Judge Komives ordered News to provide expedited discovery.  Instead, News filed objections to the order, in which it criticized Magistrate Judge Komives' decision and argued that the ordered discovery should not be expedited because it would take "three to six months to complete."  Despite the absence of a ruling on its Motion to Stay Magistrate Judge Komives' Order and the passage of over three months, News still did not produce a single page of the

ordered discovery. On May 20, this Court entered its order overruling News' objections to the February 4 Order. *Valassis I*, Dkt. #442. This Court found Defendants' arguments "circular," its criticisms of Magistrate Judge Komives' Order "unavailing," and that Magistrate Judge Komives did not err "in concluding that [Valassis] sufficiently alleged post-release conduct . . . ." *Id*. at 4-6. This Court also noted that any burden posed by expedited discovery was mitigated by News' production of the same documents and information in parallel litigation with CPGs. *Id*. at 7. On May 23, three days after the Court overruled its objections, News sent an email to counsel for Valassis stating that News intends to make a "substantial production" during the week of May 27, but did not specify the documents it intends to provide or state that it would make a complete production.

News is evading discovery on all fronts. The present motion is nothing more than its latest effort to delay discovery and preserve its significant market power for as long as possible. Its strategy is harmful to Valassis, competition, and consumers. News has failed to demonstrate that a stay of discovery is appropriate, and its motion should be denied.

## STATEMENT OF FACTS

### I.   News Stalls Discovery in *Valassis I*.

On January 18, 2006, Valassis filed a case against three of the News Defendants—News America, Inc., News America Marketing FSI, Inc., and News

America Marketing In-Store Services, Inc. (collectively "News America")—based on News America's bundling of free-standing inserts and in-store promotions in violation of state and federal laws. *See Valassis I*, Dkt. #1. News Corporation ("News Corp"), News America's parent, was not a party to *Valassis I*.

After a Michigan jury unanimously concluded that News America's business practices amounted to unfair competition and tortious interference, News America agreed to pay Valassis $500 million to settle the case. *See Valassis I*, Dkt. #425-1. To avoid another multi-year, multi-million dollar lawsuit, the parties agreed to a mechanism to expeditiously address future bundling and tying claims, *see Valassis I*, Dkt. #414-3, which the Court adopted in its June 15, 2011 Order (*Valassis I*, Dkt. # 442, the "2011 Order"). The 2011 Order prohibited the parties from engaging in unlawful bundling and tying and provided a means for the parties to seek expedited discovery if either "believed" that the other violated the 2011 Order. *Valassis I*, Dkt. #442 at 4.

On November 8, 2013, Valassis filed a motion in *Valassis I* pursuant to the 2011 Order seeking expedited discovery on News America's unlawful bundling and tying. *Valassis I*, Dkt. #414. Magistrate Judge Komives found that Valassis was entitled to expedited discovery, and on February 4, 2014, ordered News America to provide expedited discovery on the topics identified in Valassis' motion ("February 4 Order"). *Valassis I*, Dkt. #429.

- 3 -

News America did not comply with the February 4 Order.  Instead, News America filed objections to, and a motion to stay, the February 4 Order, in which counsel for News America complained that it would take three to six months to comply with the order.  *Valassis I*, Dkt. # 432, 433.

On May 20, 2014, the Court entered an order overruling News' objections to the February 4 Order.  *Valassis I*, Dkt. #442.  The Court expressly rejected News' argument that Magistrate Judge Komives' erred by failing to account for the burden that expedited discovery would cause News as "Magistrate Komives had the benefit of [Valassis'] argument that the burden of expedited discovery on Defendants is mitigated by Defendants' production of the same documents and information in parallel antitrust litigation with CPGs."  *Id.* at 4.  The Court further noted that News did not respond to this argument either before Magistrate Judge Komives or in their objections.  *Id.*  The Court also agreed that Magistrate Judge Komives did not err when he concluded that Valassis "sufficiently alleged *post-release conduct* that violated this Court's Order."  *Id.* at 6 (emphasis added).

Although no stay of the February 4 Order was entered, News America refused to produce a single document to Valassis until after its objections to the order were ruled upon by this Court.  On May 23, News America indicated that it would make a "substantial production" to Valassis limited to documents requested in *Valassis I* only, but, despite having months to collect responsive materials, did

not identify the specific documents it would produce or indicate that its production would be complete.

## II.   News Stalls Discovery in *Valassis II*.

On the same date that Valassis filed its Motion for Expedited Discovery in *Valassis I*, Valassis filed the present case (referred to herein as *Valassis II*) against News America and News Corp (collectively "News"), alleging anticompetitive conduct far beyond News America's illegal bundling and tying in violation of the 2011 Order.   Dkt #1.   Like Valassis' Motion for Expedited Discovery, the Complaint alleges post-release conduct that violated antitrust laws.   As Valassis has repeatedly stated, all of the claims asserted in Valassis' Complaint accrued after the settlement agreement entered in *Valassis I*.   *See* Dkt. #24, 31. Nevertheless, News filed a Motion to Dismiss, which, at News' insistence, resulted in nearly 150 pages of briefing.[1]   Although News spends several more pages in its current brief rearguing the same points that it raised in its Motion to Dismiss, those issues have been fully briefed, and arguing them further here would be improper.

---

[1] News requested *ex parte* an order authorizing a 50-page brief in support of its motion to dismiss.   Dkt. #21.   On December 17, 2013, the Court granted News' request and allowed Valassis a 50-page response.   *Id.*   After Valassis filed its Brief in Opposition to News' Motion to Dismiss, News requested that Valassis stipulate to it filing a 25-page reply brief.   Although Valassis did not believe extra briefing was necessary, it agreed, as a professional courtesy, to consent to Defendants' request on the condition that Valassis be permitted to file a sur-reply brief should the Court permit News to file the extra pages.   Dkt. #30.

Valassis is confident that News' Motion to Dismiss will be denied for the reasons discussed in Valassis' briefing.  *See* Dkt. #24, 31.

On April 10, 2014, in an attempt to move this case along, Valassis served News with its First Requests for Production of Documents.  On May 9, four days before its responses were due, News filed this Motion.  On May 13, News served its Responses and Objections to Valassis' Document Requests.  Ex. 1.  In its Responses, News raised 27 general objections and numerous specific objections to each of Valassis' discovery requests.[2]  Although News' responses to several of the requests state that News "will conduct a reasonable search for and produce non-privileged documents," News' counsel confirmed on May 20 that it will not collect or produce any responsive documents in *Valassis II* while this Motion is pending.

## ARGUMENT

News' central argument is simply that it has filed a Motion to Dismiss. Specifically, News argues that "[s]hould the Court grant [News'] Motion to Dismiss, Valassis will not be entitled to any discovery."  Dkt. #32 at 2.  As numerous courts have recognized, this is not a sufficient basis to justify a stay of discovery.  While entering a stay of discovery pending resolution of a motion to

---

[2] Ironically, among its numerous objections, News objected that certain of the discovery requests are duplicative of the items on which Magistrate Judge Komives ordered News to provide expedited discovery. Ex. 1, News' Responses to Req. for Prod. at 2.

dismiss may be an appropriate exercise of the court's discretion,[3] "the filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion."  *Forest River Inc. v. Heartland Recreational Vehicles, LLC*, 2012 WL 4049268, at *2 (N.D. Ind. Sept. 12, 2012).  "[A]lthough Rule 26 gives this Court 'authority to stay discovery, this authority must be exercised so as to 'secure the just, speedy and inexpensive determination of every action.'"  *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013) (quoting *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996)).

In ruling upon a motion to stay, the Court should "weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery."  *Williamson v.*

---

[3] News' reliance on *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003), is inapposite given that the court stayed discovery pending a motion for summary judgment and the opposing party failed to provide affidavits supporting the need for further discovery.  Furthermore, the court in *Gettings* merely held that entry of a stay pending resolution of a motion to dismiss may be appropriate depending on the facts and procedural posture of the case.  *Id.*  "Although the stay in that case was upheld, that occurred under an abuse of discretion standard, which means simply that the Court of Appeals was not left with the definite and firm conviction that the trial court's ruling was erroneous. Had the trial court's ruling been otherwise, it likely would have been affirmed under the same differential standard of review.  The question here is not whether the Court of Appeals has, in some cases, upheld the type of stay which defendants have requested, but whether it would be a sound exercise of this Court's discretion to grant it."  *Williamson v. Recovery Ltd. P'ship*, 2010 WL 546349, at *3 (S.D. Ohio Feb. 10, 2010).  It would not.

*Recovery Ltd. P'ship*, 2010 WL 546349, at *2 (S.D. Ohio Feb. 10, 2010). The Court should further "take into account any societal interests which are implicated by either proceeding or postponing discovery." *Id.* "Where the Court finds that a stay of discovery is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline to interfere." *Tamburo v. Dworkin*, 2010 WL 4867346, at *2 (N.D. Ill. Nov. 17, 2010). That is the case here. News' motion should be denied.

## I.   NEWS IS NOT ENTITLED TO A STAY SIMPLY BECAUSE IT FILED A MOTION TO DISMISS.

"[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Williamson*, 2010 WL 546349, at *2. Indeed, as Chief Judge Rosen recently held, "[i]t is not the usual practice of this [c]ourt . . . to order a stay of discovery solely on the ground that a defendant has filed a motion to dismiss." *Porter v. Five Star Quality Care-MI, LLC*, 2014 WL 823418, at *3 (E.D. Mich. Mar. 3, 2014).

As one court has observed:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, *such a notion is directly at odds with the need for expeditious resolution of litigation*. Under Rule 33, for instance, interrogatories may be served at the same time as the summons and

complaint. Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions.

Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, this is not such a case.

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (internal citations omitted) (emphasis added).

Therefore, "unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williamson*, 2010 WL 546349, at *1; *see also Lester v. Wow Car Co., Ltd.*, 2013 WL 6018537, at *5 (S.D. Ohio Nov. 13, 2013) (denying motion for stay where the issues could not be "resolved easily in order to determine whether the motion to dismiss [would] likely be granted); *New England*, 2013 WL 690613, at *2 (denying motion for stay where the court could not conclude that the claims were "utterly frivolous or without merit"). News cannot meet this standard.

News also points to the unremarkable fact that its Motion to Dismiss can be resolved without discovery. However, "the fact that 'discovery is not necessary for

this Court to render a decision on the dispositive motion[],' adds nothing to the argument because discovery is never necessary for the resolution of a motion to dismiss for failure to state a claim . . . ." *Dominion Transmission, Inc. v. Detweiler*, 2013 WL 941314, at *2 (S.D. Ohio Mar. 11, 2013). News' efforts appear designed solely to burden this Court, yet again, with another avenue to present the same arguments that News has already made on multiple occasions.[4] Though News' arguments are plainly wrong, Valassis will not argue the substance of News' Motion to Dismiss, as the issues have already been extensively briefed by the parties. *See* Dkt. # 24, 31. Indeed, Judge Rosen recently criticized the parties for engaging in such a dispute in connection with a motion to stay:

> Finally, it is worth noting that this case amply illustrates one of the reasons why this Court is reluctant to stay discovery pending the outcome of a motion to dismiss. A request for a stay often engenders precisely the sort of dispute engaged in by the parties here, with the requesting party seeking to demonstrate the weakness of the claims against it and the inevitability of its dismissal from the suit, while the opposing party catalogues the myriad issues of fact it wishes to explore in discovery and argues that at least some of these efforts should be allowed to proceed. The Court then is compelled to follow the parties down this blind alley and wade through their submissions

---

[4] News made the same arguments in *Valassis II* in its Motion to Dismiss, Dkt #22. News America also made many of the same arguments in *Valassis I* in Defendants' Opposition to Plaintiff's Motion for Expedited Discovery, Dkt. #425; Defendants' Objections to the February 4, 2014 Order of Magistrate Paul J. Komives, Dkt. # 432; Defendants' Motion to Stay Order Granting Expedited Discovery Pending Consideration of Defendants' Objections, Dkt. # 433; and Defendants' Motion to Enforce the Parties' Settlement Agreement, Dkt. # 436. This Court rejected those arguments in its Order Overruling Defendants' Objections. *Valassis I*, Dkt. #442.

> on a peripheral matter having nothing to do with the merits, rather than devoting its time and resources to a prompt resolution of the pending dispositive motion. This is precisely what has happened here, and the Court readily concludes that it is time to refocus the attention and efforts of the parties on the speedy and efficient resolution of this suit on its merits.

*Porter v. Five Star Quality Care-MI, LLC*, 2014 WL 823418, at *3 (E.D. Mich. Mar. 3, 2014) (sustaining objections to magistrate's entry of a stay).

News has not raised a qualified immunity defense, nor has it demonstrated that Valassis' claims are so patently without merit that a stay is necessary. Valassis is confident that News' Motion to Dismiss will be denied, and News can hardly dispute that Valassis' claims are not the type that can be so easily or quickly dismissed such that a stay is warranted.[5] Indeed, "it is by no means a virtual certainty" that News will prevail either on the entirety of its motion, or any specific portion of it. *See Osman v. Mission Essential Personnel, LLC*, 2012 WL 1831706, at *2 (S.D. Ohio May 18, 2012) (plaintiff's response "contains a number of non-frivolous arguments, and it is by no means a virtual certainty that [defendant] will prevail . . . . Given this fact, a stay of discovery is simply not appropriate."). News' contention otherwise is based on mere self-serving speculation. *See New England*, 2013 WL 690613, at *2 (denying stay and noting that Abbott's

---

[5] Indeed, the fact that News felt compelled to push for seventy-five pages of briefing in connection with its Motion to Dismiss—forty-five pages more than normally permitted—supports the notion that News does not believe that these issues can be easily resolved. *See* Dkt. #30.

contentions regarding its likelihood of success were "mere speculation"). News'
motion should be denied.

## II.   VALASSIS HAS BEEN PREJUDICED BY NEWS' AGGRESSIVE DELAY TACTICS AND WILL BE FURTHER PREJUDICED BY A STAY OF DISCOVERY.

News' attempt to obtain a stay—while it unilaterally acts as if a stay had
been granted—is the most recent step in its strategy to prevent Valassis from
moving forward with its claims so News can preserve its market power for as long
as possible.

News claims in its motion that it spent five months meeting and conferring
with Valassis in *Valassis I* regarding the scope of document production, Dkt. #32-5
¶ 7, and that it expects that discovery in this case will be just as expansive. This is
precisely why discovery should not be stayed. "[I]t is extremely unlikely that the
bulk of the discovery will take place before the motions are decided. It is
important for the discovery process to begin now so that this start-up time is not
deferred until after the motions are resolved . . . ." *Williamson*, 2010 WL 546349,
at \*2. Furthermore, staying the case while News' "motion to dismiss is pending
could substantially delay the ultimate resolution of the matter, with adverse
consequences such as a decrease in evidentiary quality and witness availability."
*Jackson v. Denver Water Bd.*, 2008 WL 5233787, at \*1 (D. Colo. Dec. 15, 2008)
(denying motion to stay discovery).

Valassis has presented detailed factual allegations in support of its claims. The longer News can stall discovery, the longer Valassis is harmed by News' anticompetitive conduct, and the longer News is able to reap the benefit of that anticompetitive conduct. *See Dayco Prods., Inc. v. Walker*, 142 F.R.D. 450, 453 (S.D. Ohio 1992) ("The longer Defendants can stall the necessary discovery for Plaintiffs to try their preliminary injunction motion, the more they are able to benefit competitively from the misappropriation, if in fact that is what happened. While Defendants in fact may have nothing to hide from discovery and nothing to gain from discovery delay.  They [sic] have certainly behaved as if delay were very valuable to them.").

As a result of News' delay tactics, Valassis has yet to receive a single document from News.  News' request for a stay is merely an attempt to prolong that harm to News' benefit.  Such tactics should not be tolerated.

## III. THE "ENORMOUS BURDEN" THAT NEWS CLAIMS IT WILL SUFFER IN THE ABSENCE OF A STAY IS ILLUSORY.

Without any clear showing of its burden or anticipated cost of responding to discovery, News argues that responding to discovery will pose an "enormous burden." News' claims are exaggerated at best.  As this Court acknowledged when it overruled News' objections to Magistrate Judge Komives' order granting expedited discovery, Valassis' discovery requests seek many of the same documents that News agreed to produce in its pending litigation with CPGs.

*Valassis I*, Dkt. #442 at 7.  News agreed to produce those documents in the CPG litigation two months *before* Magistrate Judge Komives ordered expedited discovery in *Valassis I*.  *See Valassis I*, Dkt. #427-5.  Under an order entered in the CPG litigation, News was to substantially complete its production by March 1, 2014.  *See* Ex. 2, S.D.N.Y. Case Mgmt. Order.  Having to re-produce documents that it agreed to produce in another litigation more than five months ago—and that it has presumably been compiling since that time—does not amount to an "enormous burden."  News has yet to provide a single argument suggesting otherwise.  And though News characterizes Valassis' discovery requests as seeking "unlimited amounts" of information, Valassis' requests are similar in scope to those issued to News in the CPG litigation, *see* Ex. 3, News' Resp. to Disc. Reqs., and, even more importantly, to a subpoena that News issued to Valassis in the CPG litigation, *see* Ex. 4, Notice of Subpoena.[6]

News attempts to bolster its argument by pointing to the "potentially enormous expense of discovery" in antitrust cases recognized by the Supreme Court in *Twombly*.  "But *Twombly* and *Iqbal* do not *mandate* that a motion to stay

---

[6] For example, in News' subpoena to Valassis in the CPG litigation, News seeks documents showing Valassis' costs and margins relating to the production of free-standing inserts ("FSIs") and in-store promotions ("ISPs"); documents relating to the promotional goals that Valassis believes motivate purchasers to buy FSIs or ISPs; and documents relating to the forecasting of sales of FSIs and ISPs, including forecasts of market share, pricing, units sold, or value of units sold.  *See* Ex. 4, Nos. 3, 4, 7.

should be granted every time a motion to dismiss is filed. . . .  And *Twombly's* concerns with the potential costs associated with antitrust discovery 'is not . . . tantamount to an automatic prohibition on discovery in every antitrust case where defendants challenge the sufficiency of a complaint.'"  *New England*, 2013 WL 690613, at *3 (emphasis by the *New England* court) (quoting *DSM Desotech Inc. v. 3d Sys. Corp.*, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008)); *see also Forest River*, 2012 WL 4049268, at *4 (permitting discovery to proceed in antitrust case).

News has made no attempt to quantify the alleged burden that it would face if forced to respond to discovery in this case.  Instead, News refers to the "millions of dollars" and "thousands of hours" that it spent on discovery in *Valassis I*. However, the documents sought in *Valassis I* spanned a period of nine years, and was therefore far more extensive than the discovery sought in this case from 2010 through the present.  News' general allegations of the burden that it would face in *this case* are unsupported by affidavit or otherwise.  "The wheels of justice would surely grind to a halt if discovery were stayed pending dispositive motions and based on such generic allegations of undue burden and expens[e]."  *Hoxie v. Livingston County*, 2010 WL 822401, at *1 (E.D. Mich. Mar. 4, 2010).

"[D]efendants are always burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial

occurs." *Jackson*, 2008 WL 5233787, at *1 (internal citations omitted) (denying motion for stay).  News has made no effort to detail the specific burdens it will face if required to proceed with discovery (and by extension do what it was ordered to do three months ago), nor does it explain how any such burden is different from that experienced by every other party that files a potentially case-dispositive motion.  A stay of discovery is therefore not appropriate.  *See, e.g.*, *Dominion*, 2013 WL 941314, at *2.

## IV.   A STAY OF DISCOVERY IS CONTRARY TO THE PUBLIC INTEREST.

Finally, News repeats its argument that Valassis breached the settlement agreement when it filed this case and argues that public policy supports a stay.  Of course, the problem with this argument is that it is based entirely on News' flawed reading of the settlement agreement and its theory that Valassis has not alleged post-release conduct.  As both Magistrate Judge Komives and Judge Tarnow recognized, Valassis has sufficiently alleged post-release conduct.  *See Valassis I*, Dkt. #429, 442.

News is getting exactly what it bargained for.  The *Valassis I* settlement clearly did not buy News a license to continue its anticompetitive campaign against Valassis, and it clearly did not buy News immunity from suit on claims that accrued after the settlement.  *See Valassis I*, Dkt. #442 at 6 ("The Magistrate did not clearly err in concluding that Plaintiff sufficiently alleged post-release conduct

- 16 -

that violated this Court's Order [412]."); *Cotton v. City of Franklin*, 494 F. App'x 518, 522 (6th Cir. 2012). Consequently, News' arguments that the public interest favors a stay are unavailing.

Moreover, public policy favors competition. A stay in this case would delay Valassis from putting an end to News' ongoing anticompetitive conduct—conduct that is harmful to Valassis, the market, retailers, CPGs, and ultimately consumers. The Court should not impose a stay that would delay an investigation concerning public interests.

## CONCLUSION

For the reasons set forth above, News' request for a stay should be denied.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK & STONE, PLC

THE MENDELSON LAW FIRM, PC

By: /s/ Kimberly L. Scott
    A. Michael Palizzi (P47262)
    Thomas W. Cranmer (P25252)
    Larry Saylor (P28165)
    Kimberly Scott (P69706)
    150 W. Jefferson, Suite 2500
    Detroit, MI  48226
    (313) 963-6420

David S. Mendelson (P53572)
355 S. Old Woodward Ave., Ste. 100
Birmingham, MI 48009
(248) 646-8277

Dated: May 27, 2014

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 27, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will serve all counsel of record.

Respectfully submitted,

 /s/Kimberly L. Scott
MILLER CANFIELD PADDOCK
and STONE, P.L.C.

22223781.7\112253-00005

- 18 -