UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

V<small>ALASSIS</small> C<small>OMMUNICATIONS</small>,
I<small>NCORPORATED</small>,

        Plaintiff,

v.

N<small>EWS</small> C<small>ORPORATION ET. AL</small>.,

        Defendants.
_____/

Case No. 13-14654

S<small>ENIOR</small> U.S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

**O<small>RDER</small> A<small>DOPTING IN</small> P<small>ART AND</small> D<small>ECLINING TO</small> A<small>DOPT IN</small> P<small>ART</small> R<small>EPORT AND</small> R<small>ECOMMENDATION</small> [41]; G<small>RANTING IN</small> P<small>ART AND</small> D<small>ENYING IN</small> P<small>ART</small> D<small>EFENDANT</small>'<small>S</small> M<small>OTION TO</small> D<small>ISMISS</small> [22]; S<small>UA</small> S<small>PONTE</small> R<small>EFERRING</small> D<small>EFENDANT</small>'<small>S</small> M<small>OTION TO</small> D<small>ISMISS</small> T<small>O</small> A<small>NTI</small>-T<small>RUST</small> P<small>ANEL</small>**

Before the Court is a Report and Recommendation ("R&R") [41] recommending that Defendants' Motion to Dismiss [22] be granted in part and denied in part and that the Court stay discovery in this matter—*Valassis II*—pending resolution of Plaintiff's claims in the prior companion case, *Valassis I*. Plaintiff timely filed an Objection [42], Defendant filed a Response [44] and a Supplemental Brief [54], and Plaintiff filed a Reply [45]. Additionally, Plaintiff filed a Supplemental Brief [48], Defendants' responded [54] and Plaintiff replied [58].

For the reasons that follow, the Court adopts in part and declines to adopt in part the R&R [41]. Specifically, the Court declines to stay *Valassis II*. Defendants' Motion to Dismiss [22] is GRANTED as to Counts VII and VIII and DENIED as to the remaining counts, therefore, Plaintiff's Objection [42] is SUSTAINED as to these counts.

## FACTUAL BACKGROUND

The R&R contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R in full:

> Plaintiff Valassis Communications, Inc. ("Valassis"), and defendants News America Marketing, Inc., News America Marketing FSI, LLC, and News America Marketing In-Store Services, LLC, subsidiaries of defendant News Corporation (collective "NAM"), compete in the market providing in-store promotions ("ISP") and free-standing inserts ("FSI"). "ISPs are products that place messages promoting the products of consumer packaged goods manufacturers ("CPGs") in the aisle space of major supermarket, grocery, drug, and mass merchant chain stores. . . . Examples of ISPs include shelf coupon dispensers, shelf advertising, floor advertising, and shopping cart advertisements." Compl., ¶ 2. "FSIs are booklets of coupons which are delivered directly to consumers' homes containing primarily coupons for products manufactured by CPGs." *Id.*, ¶ 3. In 2006, Valassis filed suit against NAM in this Court, *see Valassis Communications, Inc. v. News America Marketing, Inc.*, No. 06-10240 (E.D. Mich.) (*Valassis I*), alleging that NAM had violated the Sherman Antitrust Act by using its market power to illegally bundle sales of FSIs and ISPs. Valassis also asserted several state law claims, and filed a separate suit in California state court. The Court remanded Valassis's state law claims to the Wayne County Circuit Court. Following a jury trial, Valassis prevailed on its state law claims, and the jury awarded damages in excess of $300 million. While NAM's appeal was pending in the Michigan Court of Appeals, the parties entered into a

2

settlement agreement providing for the payment of $500 million to Valassis, a 10 year shared mail distribution agreement, and a procedure for resolving future claims by an independent panel.

On November 8, 2013, Valassis commenced this action, again asserting various antitrust violations. Specifically, Valassis asserts claims of: (1) monopolization of the ISP market in violation of section 2 of the Sherman Act, 15 U.S.C. § 2; (2) predatory pricing in the ISP market with respect to retailers, in violation of section 2 of the Sherman Act, 15 U.S.C. § 2; (3) attempted monopolization of the FSI market in violation of section 2 of the Sherman Act, 15 U.S.C. § 2; (4) exclusive dealing in the ISP market with respect to both retailers and CPGs, in violation of sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, and section 3 of the Clayton Act, 15 U.S.C. § 14; (5) exclusive dealing in the FSI market with respect to CPGs, in violation of sections 1 and 2 of the Sherman Act and section 3 of the Clayton Act (6) bundling in violation of sections 1 and 2 of the Sherman Act and section 3 of the Clayton Act; and (7) tying in violation of sections 1 and 2 of the Sherman Act and section 3 of the Clayton Act.

Valassis also asserts state law claims under the Michigan Antitrust Reform Act, MICH.COMP.LAWS §§ 445.772-.773; California's Cartwright Act, CAL. BUS.&PROF. CODE §§ 16720, 16726, 16727; and the California Unfair Trade Practices Act, CAL. BUS. & PROF. CODE §§ 17043, 17044, 17070, 17071, as well as state common law claims of unfair competition, tortious interference with contracts, and tortious interference with business relationships or expectancies. The matter is currently before the Court on NAM's motion to dismiss, filed on December 19, 2013.

NAM argues that all claims arising out of pre-settlement conduct are barred by the settlement agreement, that Valassis's bundling and tying claims are barred by the settlement agreement, and that the remaining claims should be dismissed or stayed pending resolution of the bundling and tying claims by the panel pursuant to the settlement agreement.

With respect to the merits, NAM argues that Valassis's antitrust claims fail to state a claim upon which relief may be granted because Valassis

has failed to sufficiently allege: (1) anticompetitive conduct; (2) intent to monopolize or a dangerous probability of monopolization; (3) antitrust injury; and (4) facts supporting its bundling and tying claims. NAM also argues that the Court should either dismiss or decline to exercise supplemental jurisdiction over Valassis's state law claims. Plaintiff filed a response to the motion on February 14, 2014, and NAM filed a reply on March 14, 2014.

## STANDARD OF REVIEW

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. § 636(b)(1)(C). Making some objections to an R&R, but failing to raise others, will not preserve all objections a party may have to the report and recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006). Objections that are filed must be specific. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

The Magistrate Judge issued its recommendation to stay this case pursuant to a 28 U.S.C. § 636(b)(1)(B) referral on a dispositive motion. *See* Order [25]. Subsection (b) of Rule 72 "governs court-ordered referrals . . . pursuant to statutory authorization in 28 U.S.C. § 636(b)(1)(B)." FRCP 72 ADVISORY COMMITTEE NOTES. "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FRCP 72(b)(3). In this instance, therefore, the Court reviews objections to the R&R's [41] recommendation to stay the case *de novo*.

4

## ANALYSIS

The R&R recommended that the tying and bundling claims be dismissed without prejudice because "[b]ased on the language of the contract [settlement agreement], there can be no doubt that Valassis's tying and bundling claims are subject to the Panel Agreement, and are therefore not appropriately brought in this case." [41 at 11-12]. The Court agrees with the R&R that the Settlement Agreement [22-4] in *Valassis I* mandates that Plaintiff bring tying and bundling claims, like those at issue in *Valassis I* before the expert antitrust panel and that the option of a jury trial on these claims is foreclosed by the terms of the Agreement. Plaintiff does not object to the R&R's [41] recommendation that the Court dismiss Counts VII and VIII—the bundling and tying claims—in *Valassis II* as to Defendant News America. Plaintiff argues that the bundling and tying claims should not be dismissed as to Defendant News Corp., because it is not a party to *Valassis I*. [42 at 9-10]. However, Plaintiff does note in footnote 4 of its objection that it would agree to dismiss the bundling and tying claims against News Corporation without prejudice if News Corporation appeared in *Valassis I* and agree to be bound by the Court's 2011 Order.

In their Motion to Dismiss, Defendants argue that the tying and bundling claims against News Corporation should also be held to be within the terms of the

5

Court's Order and Settlement Agreement in *Valassis I* and should be dismissed to be considered by the Special Panel, despite News Corporation not being a named Defendant in *Valassis I* [22 at 13]. They argue that the Settlement Agreement from *Valassis I* concerning the tying and bundling claim, by its terms, applies to "any proceedings by the panel or Court relating to such future business practices (i.e. tying and bundling) [22-4 at 1]. Additionally, the Settlement Agreement and Release explicitly includes companies affiliated with *Valassis I* Defendants, in the release for conduct "existing up to the date of this Agreement," namely, February 4, 2010. [22-3 at 6, ¶6; 2]. Finally, Defendants assert that the Sixth Circuit has continually found in analogous situations that arbitration contractual clauses bind both signatories to the contract, and agent and parent companies who are not signatories. *See e.g, Javitch* v. *First Union Secs., Inc.*, 315 F.3d 619, 629 (6th Cir. 2003); *Arnold* v. *Arnold Corp.—Printed Commc'ns for Bus.*, 920 F.2d 1269, 1281 (6th Cir. 1990).

Because News Corporation is a company affiliated with *Valassis I* Defendants, and neither party contests dismissal of News Corporation's claims without prejudice, to be subject to the Court's Order in *Valassis I,* the Court adopts the R&R [41] to the extent that it recommends dismissing Counts VII and VIII, but extends this finding further and orders that Counts VII and VIII be dismissed as to

6

all Defendants in *Valassis II,* without prejudice to Plaintiff's rights to seek relief on its bundling and tying claims in *Valassis I* per the terms as set out in the Court's Order [412].

Plaintiff also objects to the R&R's [41] recommendation that the Court stay the remaining claims in *Valassis II*. Plaintiff's objection is well-taken. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). "[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "The burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627–28 (6th Cir. 2014). The most important factor is the balance of the hardships, but "[t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources." *Int'l Bhd. of Elec. Workers v. AT & T Network Sys.*, 879 F.2d 864 (6th Cir. 1989).

The risk of prejudice to Plaintiff is great if the Court stays *Valassis II*, while the risk to Defendants is relatively small if, on the other hand, the Court does not stay *Valassis II*. Because proceeding through discovery in both cases contemporaneously is the more efficient approach, the Court declines to stay *Valassis II* pending resolution of *Valassis I*.

Defendants first argue that *Valassis II* should be stayed because resolution of Plaintiff's bundling and tying claims in *Valassis I* may be dispositive of Plaintiff's remaining claims in *Valassis II*. This is a judicial economy argument which is unpersuasive since it is an unlikely conjecture. It is doubtful that the resolution of Plaintiff's *Valassis I* claims will be dispositive of Plaintiff's *Valassis II* claims, because the different types of claims between the two cases demand different analysis. So, although there may be some overlap in the evidence required for the two cases, Plaintiff's different claims will require differing analysis of that evidence. Conducting simultaneous discovery will simply streamline the progression of the cases.

Defendants also argue that staying *Valassis II* will avoid the risk of inconsistent rulings in the two cases. This argument also goes to the judicial economy facet of stay analysis and it is not convincing. When the cases are progressing roughly in step with one another, the Court will be better able to issue

8

consistent rulings. It is the interest of consistency that also motivates this Court's decision to grant Defendants' Motion to Refer to the Antitrust Expert Panel [504] in *Valassis I*.

Third, Defendants argue that staying *Valassis II* will avoid the risk of duplicative discovery. This argument goes to the hardship on the parties and does not demonstrate that there is "pressing need for delay." *F.T.C.*, 767 F.3d at 627–28. Discovery related to Valassis's bundling and tying claims is already proceeding in *Valassis I* on an expedited schedule, so Defendants are already engaged in the mechanics of discovery. A contemporaneous approach reduces the risk of duplicating discovery efforts for both parties by allowing for coordinated discovery between the two cases. Additionally, the more complete the set of information, the easier it will be for the parties accurately to assess what further discovery is needed to satisfactorily litigate these two cases to judgment. Further, staying the remaining claims in *Valassis II* would lay the groundwork for a series of discovery disputes in *Valassis I* about where the boundary for relevance lays between the two cases. Finally, with regard to hardship on Plaintiff, if Defendants are in fact found to be violating anti-trust laws, then Plaintiff would be severely prejudiced by a stay in *Valassis II*.

Fourth, Defendants argue that staying *Valassis II* would not prejudice Plaintiff. It is Defendants' burden to demonstrate that a stay would not prejudice Plaintiff. *F.T.C.*, 767 F.3d at 627–28. Defendant argues that Plaintiff would not be prejudiced by a stay because it has not moved for a preliminary injunction. This argument conflates the standard Plaintiff would have to satisfy to obtain a preliminary injunction—in part, Plaintiff's strong likelihood of success on the merits and irreparable injury—with the standard Defendant has to satisfy to obtain a stay —in part, a lack of *any harm* to Plaintiff that would be caused by the stay. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007); *F.T.C.*, 767 F.3d at 627–28. As noted *supra*, if Defendants are violating anti-trust laws, then Plaintiff would be severely prejudiced by a stay in *Valassis II*.

Defendants have failed to satisfy their burden "to show that there is pressing need for delay" and that Plaintiff would not suffer harm from a stay and the Court therefore sustains Plaintiff's objection to the Report and Recommendation in regards to this issue. *F.T.C.*, 767 F.3d at 627–28.

Because the R&R [41] recommended staying the remainder of Plaintiff's claims in *Valassis II*, it does not contain an analysis of whether the claims survive Defendants' Rule 12(b)(6) Motion to Dismiss [22]. Defendants request that the

10

Court either dismiss the non-tying and bundling claims for failure to state a claim, stay the case pending the Special Panel's analysis of the tying and bundling claims, or refer all remaining claims to the Antitrust Expert Panel that will consider the tying and bundling claims [29 at 24]. While the R&R correctly states that the Special Panel Order does not compel the Court to transfer all anti-trust claims to the Panel, it also does not prevent the Court from referring other anti-trust claims beyond tying and bundling claims to the panel.

The Order detailing the role of the Special Panel created by the Court in *Valassis I* provides that the "antitrust panel may, at the Court's sole discretion, also advise the Court regarding ongoing disputes under this Order" [*Valassis I*, 412 at ¶6]. For the same reasons that Plaintiffs argued against the stay, the Court refers the Motion to Dismiss to the antitrust panel. By referring the remaining claims, both discovery and disputes concerning same can be overlapping through keeping the claims together. Additionally, the Court will benefit from the knowledge and expertise of the panel for all claims, and avoid inconsistent decisions concerning the claims. Therefore, the Court refers the decision on the remaining claims in the Motion to Dismiss [22] to the antitrust panel.

Accordingly,

The Court having reviewed the record in this case, it hereby **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the Report and Recommendation [41].

**IT IS ORDERED** that Plaintiff's Objection [42] is **SUSTAINED**, *Valassis II* is **NOT STAYED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [22] is **GRANTED** as to Counts VII and VIII and **DENIED** as to the remaining Counts.

**IT IS FURTHER ORDERED** that Counts VII and VIII are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's rights to pursue relief in *Valassis I*.

**IT IS FURTHER ORDERED** that the remaining claims in Defendants' Motion to Dismiss [22] are referred to the antitrust panel to assist in resolving the dispute per the Court's Order [412] in *Valassis Communications Inc. v. News America Incorp., et. al.* (06-10240).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED FOR STATISTICAL PURPOSES** and may be **RE-OPENED** following proceedings before the Anti-Trust Expert Panel.

**IT IS FURTHER ORDERED** that a status conference shall be held before the undersigned in Room 124 of the U.S. District Courthouse in Detroit on

Wednesday, April, 20, 2016 at 3:30 p.m. to discuss the referral to the Anti-Trust Expert Panel.

**SO ORDERED**.

|  |  |
|---|---|
|  | s/Arthur J. Tarnow |
|  | Arthur J. Tarnow |
| Dated: March 30, 2016 | Senior United States District Judge |