UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALASSIS COMMUNICATIONS, INC.,

      Plaintiff,

v.

NEWS CORPORATION, ET AL.,

      Defendants.

_____/

Case No. 13-14654

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER GRANTING JOINT MOTION TO ADOPT THE STIPULATED PROTECTIVE ORDER [65]; GRANTING MOTION TO TRANSFER CASE [67]; GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [81]; DENYING MOTION TO STRIKE SUPPLEMENTAL BRIEF [93]; DENYING MOTION FOR ORDER TO REPLACE MASTER [102]**

On March 6, 2017, Plaintiff filed a Motion seeking Transfer of this Case to the Southern District of New York (S.D.N.Y.) or, alternatively, re-opening the case, and reference to the assigned Magistrate Judge to permit continuance of discovery [67]. Defendants filed a response [70] on March 20, 2017, and Plaintiff replied [76] on March 23, 2017. Plaintiff filed a Motion for Temporary Restraining Order (TRO) and Preliminary Injunction [81] on March 27, 2017. Defendants responded [84] on March 28, 2017, and filed a supplemental brief [91] on March 31, 2017. On April 4, 2017, Plaintiff filed a Motion to Strike the Supplemental

Brief [93], and a reply brief regarding the Motion for TRO [94]. Defendant responded to the Motion to Strike [95] on April 5, 2017. A hearing was held on all pending Motions on April 13, 2017. A Joint Motion to Adopt the Stipulated Protective Order [65] was filed on January 17, 2017, and Defendants filed a Motion for Order to Replace Master [102] on May 19, 2017.

For the reasons stated below, Plaintiff's Motion to Transfer Venue to the S.D.N.Y. [67] is **GRANTED**. Plaintiff's Motion for TRO and Preliminary Injunction [81] is **GRANTED.** A permanent injunction is entered, enjoining Defendants from prosecuting the action before the Panel, absent the application of Rule 53 upon transfer, and Defendants' Motion for Order Appointing Replacement Master [102] is **DENIED**. Plaintiff's Motion to Strike Supplemental Brief [93] is **DENIED** and the Joint Motion to Adopt the Stipulated Protective Order [65] is **GRANTED.**

### FACTUAL BACKGROUND

On March 30, 2016, the Court entered an uncontested Order in *Valassis I* that, in effect, referred both *Valassis I* and *Valassis II* to the Special Masters. The Special Panel subsequently recommended dismissal of Plaintiff's notice of violation in that case. Plaintiff did not file objections, deciding instead it would no longer prosecute claims of tying or bundling under the 2011 order, focusing instead

on the claims in *Valassis II*. After the filing of the R&R, on March 6, 2017, Plaintiff brought the Motion to Transfer Venue or Re-Open case [67].

The Special Panel has recommended a discovery schedule for the case, which Plaintiff has indicated to Defendants they will not contest. This schedule is, per Defendants' response, as follows:

> The parties are currently preparing to begin depositions and fact discovery is scheduled to be completed on June 19, 2017.1 (Id. at 2.) Expert discovery will then take place between June and November 2017. (Id. at 3.) The deadline for dispositive motions is January 15, 2018, and the deadline for motions to limit or exclude expert testimony is 30 days after a decision on the dispositive motions.

[70 at 15]. Fact discovery commenced on February 10, 2017, and document discovery has been substantially completed. [*Id*].

## ANALYSIS

1. **MOTION FOR TRO [81]**

Plaintiff requests a TRO and Preliminary Injunction to prevent Defendants from utilizing the Special Masters panel prior to the resolution of the pending Motion to Transfer the Action or Re-Open the case. [81]. Plaintiff also seeks permanent injunctive relief preventing Defendants from prosecuting the case before the expert panel if the motion to transfer venue or re-open the case is granted.

In the 2016 Order referring *Valassis I* and *Valassis II* to the Special Masters panel, the Court relied upon the 2011 order in *Valassis I,* which provided, per the R&R and the Order, for transfer of its claims to the expert panel. Specifically, the Court stated the following reasons for the referral of the *Valassis II* motion to dismiss and all pretrial motions to the expert panel: (1) to streamline the progression of the cases by conducting simultaneous discovery because of overlapping evidence; (2) to guard against the possibility that the resolution of that related case by the Court could create inconsistent rulings; and (3) to avoid duplicative discovery. There was no independent basis for the referral of the *Valassis II* claims. Therefore, once the expert panel disposed of the *Valassis I* claims, and this Court adopted that report, no rationale for transfer of *Valassis II* claims to the Special Masters panel remains as the basis for the March 2016 order has expired.

As Plaintiff points out, reliance of the Court on Rule 53 to justify the continuing referral of *Valassis II* to the expert panel, would fail. Under Rule 53(a)(1), there are three possible reasons, outside of statute, that allow a Court to appoint a Master: (A) perform duties consented to by the parties; (B) hold trial proceedings or make recommend findings of facts on issue without a jury if there is some exceptional condition or the expert is needed to perform an accounting or

resolve a difficult computation of damages; or (C) address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district.

Subsections A and B of Rule 53 unquestionably do not apply here, because the role of the special master is no longer consented to by both parties and the case is not yet at the stage of trial proceedings. Additionally, as discussed below, no showing has been made of exceptional circumstance to qualify under Rule 53(a)(1)(C). Rule 53(a)(1)(C) could have justified the original referral because, at that time, a parallel case existed that could have produced conflicting results in rulings, and it promoted the efficiency of resolving overlapping discovery at the same time for both cases. However, neither is applicable at this time, since *Valassis I* has been disposed of.

Now, all that remains are *Valassis II* claims, and Defendants do not provide a reason why these claims present an exceptional condition justifying referral. Instead, they argue that Plaintiff stipulated to the use of the expert panel in both *Valassis I* and *Valassis II* for all pretrial and discovery matters and, in their supplemental brief, rely upon other assertions made by Plaintiff regarding the role

of the panel.[1] However, these documents do not support Defendants' proposition. While Plaintiff did stipulate to the use of the special master panel for all pretrial and discovery motions in *Valassis I* and *Valassis II,* and that it would not contest the Court's order until an appeal, once *Valassis I* was disposed of and the March 2016 order was no longer in force, Plaintiff was under no obligation to refrain from challenging the continued use of the panel based on its interpretation of the order. After reviewing the order, the text makes clear its intention as detailed above, and the Court agrees with Plaintiff's interpretation. Further, the supplemental material submitted to the Court does not reflect agreement about the role of the masters panel *after Valassis I* was resolved, and accordingly, is not relevant.

Finally, as to the possibility of the Court continuing referral of *Valassis II* with the special master panel under Rule 53, it is dubious that the *Valassis II* case alone, without consent of both parties, is a viable candidate for master panel consideration under the Federal Rules of Civil Procedure. Arguably, it is efficient for the special master panel to continue its role on referral, given its familiarity with all of the facts of the case. However, the Court must also take into consideration the costs of the special master panel and guard against unreasonable

---

[1] Plaintiff filed a Motion to Strike the Supplemental brief [93]. However, the supplemental brief was filed well in advance of the hearing and Plaintiff had an opportunity to address Defendants' arguments in its reply brief. Therefore, this Motion is denied.

expense. Additionally, Defendants have not provided any reason that the special master is needed, besides efficiency, and they have not demonstrated that the matter is more complex than usual, or that it requires an inordinate amount of discovery.

While Defendants rely upon several cases to support their position that efficiency and expertise alone are enough to justify referral of the case to the special masters, these cases are easily distinguishable from the case at hand. *See e.g. Auto Indus. Supplier Employee Stock Ownership Plan v. SNAPP Sys., Inc.*, No. 03-74357, 2006 WL 3627935, at *52-3(E.D. Mich. Dec. 12, 2006) (antitrust experts appointed as special masters under Rule 53(a) when parties gave express consent to have "all federal and state antitrust issues" and "all remaining motions" decided by special masters); *EEOC* v. *Aaron Rents, Inc.*, No. 3:08-cv-683, 2009 WL 4068008, at *5 (S.D. Ill. Nov. 24, 2009) (appointing special master to oversee pretrial matters under Rule 53(a)(1)(C), after finding that the Court had never been asked "for such extensive review at the discovery stage; never before has the conduct of the parties required such review.").

The Court, as discussed above, has determined that the March 2016 Order no longer serves as a valid basis permitting referral of *Valassis II,* and that Plaintiff no longer consents to the referral. Because Defendant proffers no argument as to

why it would be significantly more effective for the special panel to deal with the case, or why the case is so complex or so unique that it must go before the panel, the proper forum for the case is with the district court, either here or in S.D.N.Y.

When addressing a request for a TRO or Preliminary Injunction, the Court considers "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Wyatt v. Safeguard Properties LLC*, No. 16-13312, 2016 WL 6277164, at *1 (E.D. Mich. Oct. 27, 2016) (Tarnow, J.) (citing *Bonnell*, 241 F.3d at 809)

Upon application of the above-stated analysis, the Court believes that Plaintiff has shown a likelihood of success on the merits; Defendants have not provided any authority demonstrating that the Court currently has the authority to continue to refer *Valassis II* to the special master panel, absent consent from Plaintiffs. Therefore, the first consideration weighs in favor of Plaintiff.

As to the second factor, a wealth of case law exists which finds that reference of matters to a master without proper reasoning and authority places a risk that significant elements of the case will be decided by the master rather than the Court, and reflect an "abdication of judicial function depriving the parties of a

trial before the court *on the basic issues involved in the litigation"* In re U.S., 816 F.2d 1083, 1091 (6th Cir. 1987) (emphasis added), *citing La Buy v. Howes Leather Co.,* 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957). While Defendants attempt to distinguish these cases based on their facts, the underlying rationale behind the decisions remains clear. The issue is the loss of access to a federal forum for any issues if the reference is improper, and here, without consent and without any reason under Rule 53 to continue the reference of *Valassis II*, the right of the Plaintiff to have its case heard in a federal forum must be respected.

Defendants have not presented any case law supporting referral when there is no consent amongst all parties; and no real effort has been made to show that it would be more efficient, or the case is sufficiently complex, to justify referral under subsection C. Therefore, the Court agrees that an improper reference gives rise to a risk of substantial harm to Plaintiff, as it would abrogate fundamental Article III rights.

As to the third factor, an improper denial of a federal forum for its claim is more pressing than the delay and costs cited by Defendant. Indeed, the issue of costs also favors Plaintiff, when the cost of maintaining an expert panel is considered. Therefore, this factor weighs also in favor of Plaintiff.

Finally, the public interest factor must be considered. Defendants merely reiterate their previous points of argument, which the Court has denied. Considering the analysis above, the Court finds that this factor favors the Plaintiff. Therefore, Plaintiff's Motion for TRO and Preliminary Injunction [81] is **GRANTED** and a permanent injunction is entered, enjoining Defendants from prosecuting the action before the Panel, absent a persuasive showing Rule 53 supports transfer. Defendants' Motion for Order Appointing Replacement Master [102] is **DENIED**. Further, Plaintiff's Motion to Strike Supplemental Brief [93] is **DENIED**.

2. **MOTION TO TRANSFER VENUE**

"[A] Plaintiff is not bound by his choice of forum, if he later discovers that there are good reasons for transfer." *Smith v. ABN AMRO Mortg. Grp. Inc.*, 434 F. App'x 454, 465 (6th Cir. 2011). In the interest of justice, and for the convenience of the parties and witness, "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. §1404(a). When deciding whether to transfer a case, the Court considers the following factors:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining unwilling witnesses; (6) the practical

> problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Sullivan v. Tribley*, 602 F. Supp. 2d 795, 800 (E.D. Mich. 2009).

The Court agrees that it is in the interest of justice, and convenience for both parties, to transfer the case to the S.D.N.Y. First, as Plaintiff points out, Defendants themselves have successfully sought transfer of a case sharing with the case at bar significant overlapping issues and discovery with a matter pending in the Southern District of New York. S.D.N.Y. *See* Order, *Dial Corp. v. News Corp.*, 12-cv-15613-AJT-MKM (Sept. 24, 2013 E.D. Mich.) [Dckt. 50].

In pursuing that Order, Defendant argued that New York was more convenient because it was the location of Defendant's conduct, policies, and principle place of business. Thus, there existed a strong interest supporting litigation of the case in that forum. Defendants also argued that *Valassis I* concerned claims "related primarily to FSI, while [*Dial*] asserts claims relating to in-store marketing as well as FSI." Further, in that case, while there were witnesses in Michigan that could be relevant to the *Dial* case, they could be deposed in Michigan where they resided.

The reasons that weighed heavily in that case for transfer remain the same here. Thus, in this case, the factors of convenience of forum are in favor of a New

York venue. Defendants have their principal place of business located in New York, and the documents involved in discovery are located in New York City. Lead attorneys from both sides are located in the S.D.N.Y, and further, any witnesses located in Michigan can be deposed there, so this factor is neutral. Any change in forum would retain the *status quo*. These factors obviously support a transfer in venue, just as they did in the *Dial* case.

Plaintiff also points to three recent developments that further provide good reasons to effectuate a change in venue. *Smith*, 434 F. App'x at 465. First, the *Dial* case has proceeded through discovery and summary judgment under Judge Pauley of the S.D.N.Y. As pointed out at the hearing, most of the discovery in *Valassis II*, which consists of more than 10 million documents, come from the *Dial* case. [100 at 42]. Additionally, deposition transcripts from *Dial* have been produced, and Plaintiff is seeking additional documents from that case as well. While Defendants contend that there is no guarantee that Judge Pauley would be assigned the case, the fact that a matter Plaintiff considers to be a companion case exists, and was fully litigated through summary judgment, suggests that a transfer would be in the interests of justice.

Second, Plaintiff notes that, since *Valassis II* was filed, Harlan Clarke, which is a wholly owned subsidiary of MacAndrews & Forbes, a New York-based entity,

acquired Plaintiff. Defendants argue that this acquisition occurred in 2014, so is not a persuasive factor. However, as asserted in Plaintiff's third, changed circumstance argument, when *Valassis II* was filed, Plaintiff was still pursuing claims in under *Valassis I*, which in turn provided justification, both for filing the case here and for retaining the matter in this District. Further, Plaintiff states that the case was filed in the Eastern District because there are tying and bundling claims brought as part of *Valassis II* (in addition to other non-tying and bundling claims that are very similar to those brought in *Dial*), and tying and bundling claims could only be brought against Defendant here per the 2011 order. Now that the tying and bundling claims under the 2011 order have been resolved, there no longer exists the rationale of judicial economy in keeping *Valassis II* here. Rather, that factor weighs in favor of transferring to the S.D.N.Y.

In opposition to the Motion, Defendants' principle objection is that they would suffer prejudice because the case belongs before the special master panel. [100 at 29]. However, as discussed above, the Court has found that there is no longer authority supporting referral of the case at hand to the special master's panel without the consent of the Plaintiff. Therefore, this objection is moot. Defendant also contended that there was no indication that Judge Pauley would be assigned the case, or that he would accept it as a companion to *Dial*. However, this only

speaks to the seventh factor of the test and is not relevant to the other six factors. Given the analysis above, and the fact that consideration of the factors here weigh in favor of transfer, as they did when the Defendants argued them in *Dial*, the Motion to Transfer is **GRANTED.**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Transfer Venue to the S.D.N.Y. [67] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for TRO and Preliminary Injunction [81] is **GRANTED.** A permanent injunction is entered to enjoin Defendants from prosecuting the action before the Panel absent the application of Rule 53 upon transfer and Defendants' Motion for Order Appointing Replacement Master [102] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Supplemental Brief [93] is **DENIED**.

**IT IS FURTHER ORDERED** that the Joint Motion to Adopt the Stipulated Protective Order [65] is **GRANTED.**

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: September 25, 2017    Senior United States District Judge